IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEULAH BESTEDER, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0220-WS-B |
| | ) |
| SADIK ALSHOHATI, etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 9). Default was previously entered against the defendant. (Doc. 8).

"The entry of a default judgment is committed to the discretion of the district court …." *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985); *accord Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("We review the denial of a motion for default judgment for abuse of discretion."). For the reasons set forth below, the Court concludes that it should exercise its discretion to deny the plaintiff's motion.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx.

860, 863 (11th Cir. 2007) (emphasis in original).  Without reaching this issue, the Court considers the related question of whether suit has been brought against a proper defendant.

The plaintiff's claim is brought under Title II of the Americans with Disabilities Act.  The defendant is an individual.  The complaint alleges that, "[u]pon information and belief," this individual "is the owner of the facility which is subject of this action, a filling station and convenience store referred to as One Stop Food Mart, located at 605 North Walnut Avenue, Demopolis, Alabama." (Doc. 1 at 5).  This allegation served as a red flag, prompting the Court to examine whether the allegation made on "information and belief" had a reasonable basis.

Neither whitepages.com nor google.com/maps reflects a business under the name of One Stop Food Mart.  However, both websites identify the business located at 605 North Walnut Avenue in Demopolis as Elk Food Mart.  The Alabama Secretary of State's website reflects the registration of Elk's Food Mart, L.L.C., which is identified as a "convenience store/check cashing/gas station operation" in Demopolis.  The entity's articles of formation date to 2005.

This information leads the Court to suspect that the individual sued and served by the plaintiff is not the owner of the subject business.  Because the complaint hinges the defendant's liability on his status as owner "as such," (Doc. 1 at 5-6), the plaintiff's failure to demonstrate that the defendant is in fact the owner leads the Court to exercise its discretion against entry of default judgment.

For the reasons set forth above, the plaintiff's motion for default judgment is **denied**.  The plaintiff is **ordered** to show cause, on or before **August 24, 2015**, why this action should not be dismissed for failure to name a proper defendant.

DONE and ORDERED this 3rd day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE